CHAMBERS COPY

ECF 1-18-08

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>vs.<br>IBRAHIM YOUSEF,<br><br>                Defendant. | Case No. CR 06-660-GAF<br><br>**ORDER RE: MOTION FOR MISTRIAL** |

Defendant moves for mistrial on the ground that Rule 24(c), Fed. R. Crim. P., was violated when two alternate jurors initially and inadvertently participated in deliberations. Defendant essentially argues that the error could not be cured, or if it could, the Court's curative instruction was inadequate. The Government opposes the motion on the ground that the error was not structural, that it could be cured and that Defendant in fact suffered no prejudice as a result of the error.

## I.
## BACKGROUND

The United States brought charges against Defendant Yousef alleging that he engaged in fraud against the Social Security Administration. The case proceeded to trial on five counts – Counts Five, Six, Seven, Nine and Ten. Trial commenced on October 16, 2007; evidence was presented over the next three days and the case

was argued on the morning of October 19, 2007. Shortly before noon, instructions concluded and the jury was excused to commence its deliberations. At that time the Court was unaware that the two alternates commenced participating in deliberations with the other 12 jurors. The jurors deliberated until about 2:20 p.m. on that date.

On Monday, October 21, 2007, the jurors returned to court and commenced deliberations at about 8:30 a.m. Shortly thereafter, the Court learned that the alternate jurors were deliberating and ordered that they be removed from the jury room. The Court immediately notified counsel and conferred with them regarding the situation. The Court deferred speaking with the jurors or giving them any further instructions at the request of counsel who asked for time to research the situation and consider the options. In the meantime, the jury continued to deliberate and sent a number of notes to the Court, including a note that requested a copy of the indictment which, up to that time, had not been provided.

Eventually, Defendant moved for a mistrial and objected to the Court making any inquiry of the jury (unless counsel was given the opportunity to interrogate the jurors), and objected to the Court giving the jurors any further instructions. After extensive conversations with counsel, the Court, based principally on United States v. Acevedo, 141 F.3d 1421, 1426 (11th Cir. 1998), reh. and reh. en banc denied, 156 F.3d 188 (11th Cir. 1998), cert. denied, 525 U.S. 1149 (1999), advised that it intended to bring the jury into the Courtroom, to make a narrow inquiry regarding the participation of the alternate jurors (who at that time had been gone from the jury room for about five hours), and to instruct the jury that it had to recommence its deliberations. The Court in fact took these steps at about 2:10 p.m. on October 22, 2007, at which time the jurors were expressly instructed to recommence their deliberations and were advised that anything contributed by the alternate jurors should be "entirely disregarded." The jury continued to deliberate for the remainder of the afternoon and left without reaching a verdict. The jurors returned the following

day and deliberated into the afternoon when it announced that it had reached verdicts. The jury voted unanimously to acquit Yousef on Counts Five and Six and to convict on Counts Seven, Nine and Ten.

Defendant now moves for a mistrial.

## II.
## APPLICABLE LAW

### A. INTRODUCTION

The parties and the Court agree that the presence of the alternates was improper and violates Rule 24(c), which precludes the participation of alternates unless and until they are called on to replace a deliberating juror. Here the alternates participated along with the other 12, which the rule plainly does not contemplate. At the same time, the Court notes at the outset of this discussion that nearly all of the cases on which the parties rely dealt with Rule 24(c) before it was amended in 1999. Regarding that amendment, the Advisory Committee commented:

> As currently written, Rule 24(c) explicitly requires the court to discharge all of the alternate jurors--who have not been selected to replace other jurors--when the jury retires to deliberate. That requirement is grounded on the concern that after the case has been submitted to the jury, its deliberations must be private and inviolate.

Amended Rule 24(c)(3), which is currently still in effect, provides:

> The court may retain alternate jurors after the jury retires to deliberate. The court must ensure that a retained alternate does not discuss the case with anyone until that alternate replaces a juror or is discharged. ***If an alternate replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew.***

(Emphasis added.) This new language, though it does not address the issue now before the Court, has some bearing on the Court's analysis because it expressly contemplates the use of alternates during deliberations and authorizes a procedure where the jury can be reconstituted and ordered to recommence deliberations. This provides context for the present discussion.

## B. UNITED STATES V. OLANO

Defendant relies principally on United States v. Olano, 507 U.S. 725 (1993), for the proposition that a mistrial should be granted in this case. In Olano, defense counsel agreed to permit alternate jurors to be present during, but not to participate in, the deliberations of the jury. Even though no objection was raised at trial, the Ninth Circuit took up the Rule 24(c) violation on appeal. Since the individual defendants had not expressly consented to the presence of the alternates during deliberations, the Ninth Circuit found a violation of Rule 24(c) and concluded that the violation was "'inherently prejudicial' and reversible per se." 507 U.S. at 730. The Ninth Circuit also stated in a footnote that "'because the violation is inherently prejudicial and because it infringes upon a substantial right of the defendants, it falls within the plain error doctrine.'" Id. at 731. The Supreme Court granted review to articulate its views on application of the plain error standard under Rule 52(b), Fed. R. Crim. P., and whether the Rule 24(c) violation was such an error.

The Supreme Court held that the alleged Rule 24(c) violation was not the kind of violation that the Ninth Circuit was authorized to correct under Rule 52(b) because, in the Supreme Court's view, a Rule 24(c) violation is not a defect that is inherently prejudicial to a defendant. According to the Supreme Court

> The presence of alternate jurors during jury deliberations is not the kind of error that "affect[s] substantial rights" independent of its prejudicial impact. Nor have respondents made a specific showing of prejudice. Finally, we see no reason to presume prejudice here.

507 U.S. at 737. The Court explained

> the primary if not exclusive purpose of jury privacy and secrecy is to protect the jury's deliberations from improper influence. "[I]f no harm resulted from this intrusion [of an alternate juror into the jury room,] reversal would be pointless."

Id. at 737-38 (citation omitted). Even so, the Court noted that the case involved only the presence, as opposed to the participation, of the alternate jurors and indicated that an alternate's participation in deliberations (as opposed to merely observing)

4

might be prejudicial or might have a "chilling" effect on other jurors. Id. at 739. On this point Justice Kennedy, in a very brief concurrence, questioned whether the error could be cured because "it would seem to me most difficult for the Government to show the absence of prejudice, which would be required to avoid reversal of the conviction under Rule 52(a)." Id. at 742. Beyond this observation, Justice Kennedy went no further.

The Defendant's reliance on Olano is misplaced because the difficulty identified by Justice Kennedy: (1) was only briefly discussed and only by him; (2) does not appear to have been fully briefed by the parties; and (3) was beyond the scope of the issue before the Court, which was the proper application of Rule 52(b) of the Federal Rules of Criminal Procedure. In short, while Olano contains some dicta that reference the issue now before the Court, it did not decide the issue.

## C. THE SIXTH AND SEVENTH CIRCUIT DECISIONS

The Court acknowledges that at least two circuit courts have reached a different conclusion and have construed Olano to establish a presumption of prejudice if an alternate participated in deliberations. Manning v. Huffman, 269 F.3d 720, 726 (6th Cir. 2001); United States v. Ottersburg, 76 F.3d 137, 140 (7th Cir. 1996). However, these out- of-circuit cases, which are not controlling in any event, are distinguishable.

In Manning, even though the applicable state procedural rule required that alternate jurors be excused when the jury retired to deliberate, the trial judge sent the alternates into the jury room with directions to actively participate in deliberations. At least one of the alternates in fact participated and both remained in the jury room during the entire deliberation period. After exhausting his state court remedies, Manning sought habeas review, which was denied by the district court. The Sixth Circuit reversed. It concluded that the trial court's decision not to excuse the alternates but to permit them to participate in deliberations constituted prejudice per

se requiring reversal of the district court's denial of the petition for writ of habeas corpus. Id., at 726.

In Ottersburg, as in Manning, the alternate jurors were permitted to participate in jury deliberations, remained in the jury room during the entire deliberations period (nine and a half hours), and even signed the verdict form. 76 F.3d at 139. After the verdicts were announced, the jury, including the alternates, was polled and each juror, including the alternates, affirmed that the form contained his or her verdicts. Id. at 139-40. The Court held that

> The record affirmatively shows that, by direction of the district court, the alternate jurors acted as full members of the jury throughout the nine and a half hours of deliberations. The verdict rendered and the difficulty of proof obviate any lingering doubt that allowing this verdict to stand would "seriously affect the fairness, integrity or public reputation of judicial proceedings."

Id. at 140 (citation omitted).

Even if the Court were to accept the characterization of Olano by the Sixth and Seventh Circuit decisions, both Manning and Ottersburg are factually distinguishable from the present case in a significant way – in those cases the alternates were encouraged to, and did participate in the entire jury deliberation through the return of verdict. Thus, unlike the present case, the alternates in those cases were never removed from the jury room, the juries in those cases were never advised to ignore anything offered by the alternates during deliberations, and neither of the juries then recommenced their deliberations and reached a verdict without the presence or participation of the alternates. Thus, the Court does not find them persuasive.

**D. UNITED STATES V. ACEVEDO**

In a case involving facts similar to those presented here, the Eleventh Circuit upheld a jury's verdict even though alternates had participated in the deliberations. United States v. Acevedo, 141 F.3d 1421, 1426 (11th Cir. 1998), reh. and reh. en banc denied, 156 F.3d 188 (11th Cir. 1998), cert. denied, 525 U.S. 1149 (1999). In that case, the alternates' participation was not discovered until the jury (after one

hour of deliberation) reached a verdict. The alternates were then removed and the jury instructed to recommence its deliberations. It did and returned a verdict of guilty. Like Yousef in this case, Acevedo moved for a mistrial based on the argument that the alternates' participation was incurable. Citing to its precedent in a case involving the substitution of alternates for a deliberating juror in violation of former Rule 24(c), the Eleventh Circuit wrote:

> Although the Rule 24(c) violation in *Phillips* resulted in a fact pattern different from that in Acevedo's case, *Phillips* is identical to Acevedo's case in the only respect relevant to this appeal. In both cases, the threat of prejudice to the defendant arose at least in part because the excused juror (or in Acevedo's case, the two dismissed alternates) had an opportunity to influence the jury before he was excused. Thus, the excused juror may have convinced the jury to convict when it otherwise would have acquitted.

Id. at 1425.[1]  Having concluded that the error was curable, the Eleventh Circuit wrote:

> The only remaining question, therefore, is whether the district court's clean-slate instruction eliminated the threat of prejudice to Acevedo posed by the alternates' initial participation; if so, the Rule 24(c) violation was harmless error. Because Acevedo did not challenge the language of the instruction at trial, we review it only for plain error. We find no error here; the instruction was sufficient to direct the twelve regular jurors to re-deliberate without regard to their initial decision.

Id. at 1426.

The Ninth Circuit reached a similar conclusion in United States v. McFarland, 34 F.3d 1508 (9th Cir. 1994), a case in which the defendant complained of the district court's substitution of an alternate for a deliberating juror who had become unavailable. The case noted that "[i]n this circuit, it is error for a district court to

---

[1] The circuit cited precedent that involved the substitution of an alternate when a deliberating juror could not continue. The Court noted that the insertion of an alternate into an already deliberating jury raised issues not presented in the current situation because: (1) there was no added juror who might be coerced by the remaining jurors eager to finish their work, and (2) the alternates who commenced deliberations with the other jurors could not have been exposed to outside influences while waiting for the possibility that they might be substituted for a deliberating juror and therefore could not have injected any biases formed as a result of such exposure. Id. at 1426 n.8. The Court therefore concluded that the removal of the two alternates presented less opportunity for mischief than the situation now expressly contemplated by amended Rule 24(c)(3).

substitute alternate jurors unless the defendant has given an express waiver of his rights under Rule 24(c)." Id. at 1513. However, the circuit concluded that, because the trial court instructed the jury to recommence its deliberations, the substitution involved no inherent prejudice. Id. at 1514. Since defendant had not objected to the procedure, the court observed that he bore the burden of proving that the substitution affected his substantial rights. Id. The Court concluded that he had not met that burden because he argued only that the substitution was inherently prejudicial as evidenced by the jury reaching a verdict when it had previously announced that it was deadlocked.

### E. DISCUSSION

Having considered the foregoing case law, along with the amendment to Rule 24(c) regarding the substitution of alternates for unavailable deliberating jurors, and the entire record in this case, the Court concludes that the Government bears the burden of proof on the motion and that it has met that burden. The Court notes the following:

(1) This is not a case in which strangers to the jury in any way influenced the deliberations. The additional persons in the room had participated in the trial as alternate jurors, had been subjected to exactly the same admonitions given to the regular members of the jury, and had received exactly the same jury instructions. Moreover, they had no opportunity to discuss the case between themselves or with others while the jury deliberated because they went immediately to the jury room at the end of closing argument and final instructions.

(2) The alternates did not participate through the determination of a verdict. Rather, they were removed from the jury room immediately upon the Court's discovery of their presence.

(3) The jury deliberated for approximately 15 hours; the alternates were

present for only about three hours at the beginning of deliberations.

(4) The alternates were questioned regarding the extent, though not the content, of their deliberations. Nothing in their description suggests that anything they might have said or done was ultimately material to the jury's decision, particularly given that the jury deliberated for approximately 12 hours after the alternates left the jury room.

(5) The Court received a number of notes from the jury indicating clearly and unequivocally that they had reached no conclusion during the period that the alternates deliberated. Jury Note 3 in particular indicated that the jurors were having difficulty in connecting up the evidence regarding specific social security numbers to certain counts over certain time periods. This note revealed that the jury had not yet received the indictment and needed it as a means of comprehending the evidence.

(6) The Court gave the jury a clear, unambiguous curative instruction explaining that they needed to recommence their deliberations and that they had to disregard any comments that had been made by the alternate jurors during their stint in the jury room. Before the Court took the jury's verdict, the foreperson confirmed, on the record in open court, that the jury followed the Court's instruction and started over after being told to do so.

(7) The jury deliberated for a full day after receiving the Court's curative instruction before returning a verdict.

(8) The jury returned a split verdict acquitting the defendant on two counts and convicting on three others.

In short, unlike the juries in <u>Acevedo</u>, <u>Manning</u>, and <u>Ottersburg</u>, where the alternate jurors deliberated through verdict, the participation of the alternates here was discovered early in the proceedings, they were removed from the jury room, the

scope of their participation was assessed, a curative instruction was given,[2] and the deliberating jurors acquitted defendant on some counts. For all of these reasons, the Court concludes that the record establishes that defendant Yousef was not prejudiced by the participation of the alternate jurors and that a mistrial should not be declared.

## III.
## CONCLUSION

For the foregoing reasons, the motion for mistrial is **DENIED**.

DATED: January 18, 2008

*/s/ Gary Feess*

_____
Judge Gary Allen Feess
United States District Court

---

[2] As the Court in <u>Olano</u> noted, juror's are presumed to follow the Court's instructions:

> The Court of Appeals should not have supposed that this injunction was contravened. "[It is] the almost invariable assumption of the law that jurors follow their instructions." [Citation.] "[We] presum[e] that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them." [Citation.]

507 U.S., at 740.